# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HANNAN YAGHOUB, | |
| Plaintiff, | Case No. 2:15-cv-01464-JCM-GWF |
| vs. | **ORDER AND REPORT AND RECOMMENDATION** |
| LAS VEGAS JUSTICE COURT, *et al.*, | |
| Defendants. | Application to Proceed *in Forma Pauperis* (#1) and Screening of Complaint (#1-1) |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1), filed on July 31, 2015.

## BACKGROUND

Plaintiff alleges violations of Section 1983 of the Civil Rights Act by Defendants Las Vegas Justice Court, Judge Cynthia Cruz, Nevada Supreme Court, and the Southern Nevada Panel.[1] Plaintiff claims arise from a summary eviction suit filed against her in Las Vegas Justice Court. Plaintiff was served with a "Thirty Day Notice to Vacate" on June 29, 2015. *See Complaint (#1-1)*, Exhibit B, pg. 38. On July 8, 2015, Plaintiff's landlord served her with a "Five Day Notice to Pay the Rent or in the Alternative to Quit." *See Id.* at Exhibit "C," pg. 40. Thereafter, Plaintiff's landlord obtained an Order for Summary Eviction on July 22, 2015 signed by Judge Cynthia Cruz. *See Id.* at Exhibit "D," pg. 42. Plaintiff further represents that she was out of town until two days before her landlord commenced suit to evict her. *Id.* at pg. 4.

. . .

---

[1] Plaintiff's Complaint (#1-1) also asserted claims against Defendants 8th Judicial District Court and Judge Jennifer Togliatti. However, Plaintiff entered a Stipulation for Dismissal With Prejudice (#2) on August 28, 2015 dismissing her claims as to those Defendants.

In Count I, Plaintiff alleges that Judge Cruz and the Las Vegas Justice Court violated her right to Due Process under the 4th Amendment. *Complaint (#1-1),* pg. 4–5. Specifically, Plaintiff argues that Judge Cruz should have precluded Plaintiff's landlord from filing the complaint and issuing the "Five Day Notice" prior to the end of the thirty-day notice to evict— July 31, 2015. *Id.* at pg. 5. In Count II, Plaintiff alleges that her 14th Amendment right to Equal Protection was violated. *Id.* Plaintiff's friend, Steven Banks, sent Judge Cruz a facsimile communication whereby he provided supplemental information and argued on Plaintiff's behalf. *Id.* Judge Cruz determined that this communication was an invalid *Ex Parte* communication and refused to consider it. *Id.* Plaintiff asserts that Judge Cruz's actions amounted to discrimination against her under the 14th Amendment due to her status as a laywoman and inability to retain counsel. *Id.*

Based on these violations, Plaintiff requests that this Court void the order for summary eviction, enjoin the 8th Judicial District Court from dismissing the appeal without a fair hearing, and enjoin the Southern Nevada Panel from issuing boilerplate orders.[2] *Id.* at pg. 6.

## DISCUSSION

### I.     Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II.    Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be

---

[2] The Court notes that the Complaint is void of any facts or circumstances that would give rise to a cause of action against the Nevada Supreme Court and the Southern Nevada Panel pursuant to Fed. R. Civ. P. 8(a)(2). Rather, it appears that these claims are made on behalf of her friend, Steven Banks.

2

dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

### III. Instant Complaint

#### A. Plaintiff's § 1983 Claim

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). In order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

##### 1. State Courts Are Not "Persons" Under § 1983

Under the Eleventh Amendment, a state or its agencies cannot be sued without their consent. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Beentjes v. Placer Cty. Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005). Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. NRS 41.031(3). State courts are agencies of the state and, as such, are not "persons" subject to suit under 42 U.S.C. § 1983. *O'Connor v. State of Nev.*, 507 F.Supp. 546, 550 (D. Nev. 1981) *aff'd*, 686 F.2d 749 (9th Cir. 1982). Plaintiff asserts claims against the Las Vegas Justice Court, the Nevada Supreme Court, and the Southern Nevada Panel, which is part of the Nevada Supreme Court. These entities are state courts and considered "arms of the state" for purposes of § 1983 claims. *O'Connor*, 507 F.Supp. at 550. Therefore, the Court recommends dismissal of Plaintiff's § 1983 claims against the Las Vegas Justice Court, the Nevada Supreme Court, and the Southern Nevada Panel with prejudice.

##### 2. Judge Cruz is Entitled to Judicial Immunity

The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *See, e.g.*, *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982); *see also Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.

1986) (en banc) (stating that "[j]udges . . . are absolutely immune from damage liability for acts performed in their official capacities"); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from civil liability for acts done by them within their judicial jurisdiction."). "Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1986). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman*, 793 F.2d at 1075; *Miller*, 521 F.3d at 1145; *Partington v. Gedan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992).

Plaintiff asserts claims against Judge Cynthia Cruz for conduct undertaken in her official judicial capacities. Judge Cruz is therefore entitled to judicial immunity from Plaintiff's § 1983 claims. As a result, the Court recommends dismissal of Plaintiff's claim against Judge Cruz with prejudice for failure to state a claim upon which relief can be granted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

DATED this 21st day of March, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge