UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HANNAN YAGHOUB,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>LAS VEGAS JUSTICE COURT, et al.,<br><br>　　　　　　　Defendant(s). | Case No. 2:15-CV-1464 JCM (GWF)<br><br>ORDER |

　　　Presently before the court are the report and recommendation of Magistrate Judge Foley. (Doc. # 6). The parties have not filed objections, and the time for doing so has passed.

　　　Plaintiff alleges claims under section 1983 of the Civil Rights Act against defendants Las Vegas Justice Court, Judge Cynthia Cruz, Nevada Supreme Court, and Southern Nevada Panel.[1][2] Judge Foley found that defendants Las Vegas Justice Court, Nevada Supreme Court, and Southern Nevada Panel are agencies of the state of Nevada and, as such, are not "persons" subject to suit under 42 U.S.C. § 1983. *See O'Connor v. State of Nev.,* 507 F.Supp. 546, 550 (D. Nev. 1981) *aff'd,* 686 F.2d 749 (9th Cir. 1982). Similarly, Judge Foley found that Judge Cruz is absolutely immune from suit for damages from acts performed within her judicial capacity. *See, e.g.*, *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982). Because each remaining defendant is immune from suit for the claims plaintiff alleges, the magistrate recommends dismissal of the complaint with prejudice. (*See* doc. # 6).

　　　This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects

---

[1] Plaintiff's compliant (doc. # 1-1) also asserts claims against defendants 8th Judicial District Court and Jennifer P. Togliatti. However, the court granted the parties' stipulation that plaintiff's claims against those defendants be dismissed with prejudice and those defendants are no longer before the court. (*See* doc. ## 2 and 4).

[2] The Southern Nevada Panel is an arm of the Nevada Supreme Court.

**James C. Mahan**
**U.S. District Judge**

to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and the complaint in this matter, this court finds that good cause appears to adopt the magistrate judge's findings and recommendation in full.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Foley (doc. # 6) be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that plaintiff Hannan Yaghoub's complaint (doc. # 1-1) be, and the same hereby is, DISMISSED with prejudice.

The clerk shall enter judgment according and close the case.

DATED May 4, 2016.


UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**